IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEHAN HOMES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. <u>5:19-cv-1478</u> |
| | § | |
| NIBCO, INC., | § | |
| | § | |
| Defendant. | § | |

### **<u>DEFENDANT NIBCO, INC.'S NOTICE OF REMOVAL</u>**

NIBCO, Inc. ("NIBCO") files this Notice of Removal from the 131st Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for removal, NIBCO shows the following:

### **COMPLIANCE WITH 28 U.S.C. § 1446(a)**

1. Pursuant to 28 U.S.C. § 1446(a), NIBCO includes the following with this Notice of Removal:

<u>Exhibit No.</u>   <u>Description</u>

**Exhibit 1:**   State Court Docket Sheet

**Exhibit 2:**   Plaintiff's Original Petition

**Exhibit 3:**   Process Served upon NIBCO, the Removing Party

**Exhibit 4:**   Original Complaint (ECF No. 1) in Case No. 1:19-CV-792-RP; *Brit UW Ltd. v. Gehan Homes, Ltd., et al.*; United States District Court for the Western District of Texas, Austin Division (the "*Brit UW*" case)

**Exhibit 5:**   Gehan Homes, Ltd.'s Original Answer (ECF No. 8) in *Brit UW*

## THE PARTIES

2. Plaintiff Gehan Homes, Ltd. ("Gehan") is a Texas citizen, and NIBCO is an Indiana citizen. Complete diversity of citizenship has existed from the time Plaintiff filed the underlying state court action on November 12, 2019 until now.

### A. Plaintiff

3. Plaintiff Gehan Homes, Ltd. is a Texas domestic limited partnership with a principal place of business in Dallas County, Texas. Ex. 2, Petition ¶ 2; Ex. 4, Complaint (ECF No. 1) in *Brit UW* ¶ 2 (plaintiff's citizenship allegations); Ex. 5, Answer (ECF No. 8) in *Brit UW* ¶ 2 (Gehan's admission of citizenship allegations). Gehan has a general partner, Gehan Homes I, Inc., which is a corporation incorporated under the laws of Texas with a principal place of business in Dallas County, Texas. Ex. 4, Complaint (ECF No. 1) in *Brit UW* ¶ 2; Ex. 5, Answer (ECF No. 8) in *Brit UW* ¶ 2. Gehan has one limited partner, John C. Gehan, who is an individual residing in Dallas County, Texas and is a Texas resident and citizen. *Id.* Gehan is, therefore, a Texas citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (limited partnership); 28 U.S.C. § 1332(c)(1) (corporation).

### B. Defendant

4. Defendant NIBCO, Inc. is an Indiana corporation with its principal place of business in Indiana. NIBCO is, therefore, a citizen of Indiana. *See* 28 U.S.C. § 1332(c)(1).

## STATE COURT ACTION

5. NIBCO removes the state court action styled *Gehan Homes, Ltd. v. NIBCO, Inc.*, Cause No. 2019CI23462, in the 131st Judicial District Court of Bexar County, Texas. Against NIBCO, Plaintiff alleges negligence, negligent failure to warn, breach of implied

warranties, breach of express warranties, strict product liability, negligent misrepresentation, fraud, and unjust enrichment related to damage to homes Gehan constructed allegedly caused by defects in PEX tubing manufactured by NIBCO. Ex. 2, Petition.

## REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP

6. NIBCO removes this action pursuant to 28 U.S.C. § 1441(a). This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A. Amount in Controversy**

7. "Plaintiff seeks monetary relief in excess of $100,000 in actual damages." Ex. 2, Petition ¶ 5.

**B. Diversity of Citizenship**

8. Plaintiff is a Texas citizen. NIBCO is not a Texas citizen—it is a citizen of Indiana. Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), and removal is proper under 28 U.S.C. § 1441(a).

## PROCEDURAL REQUIREMENTS OF REMOVAL

**A. Timeliness**

9. NIBCO timely files this Notice of Removal because thirty days have not elapsed since Plaintiff served NIBCO with the Petition on November 26, 2019. Ex. 3. *Cf.* 28 U.S.C. § 1446(b)(1).

**B.     Venue**

10.    Plaintiff brought this action in the 131st Judicial District Court of Bexar County, Texas—located within the Western District of Texas, San Antonio Division.  28 U.S.C. § 124(d)(4).  Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**C.     Compliance with Notice Requirements**

11.    Pursuant to 28 U.S.C. § 1446(d), NIBCO will promptly give written notice of the filing of this Notice to Plaintiff, as well as promptly file a copy of the Notice of Removal with the clerk for the 131st Judicial District Court of Bexar County, Texas.

**D.     Filing Fee**

12.    A filing fee of $400 has been tendered to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division.

**E.     Other Filings**

13.    Pursuant to Local Rule CV-3(a), NIBCO submits a completed civil cover sheet.

14.    Pursuant to Federal Rule of Civil Procedure 7.1, NIBCO has prepared and will file separately a disclosure statement.

**F.     Jury Demand**

15.    Plaintiff previously demanded a jury trial in state court.  Ex. 2, Petition ¶ 78.  *Cf.* Fed. R. Civ. P. 81(c)(3)(A).

### G.     Request for Leave to Amend

16.     In the event this Court subsequently identifies a defect in this Notice of Removal, NIBCO respectfully requests the Court grant NIBCO leave to amend this Notice and cure the defect. *See, e.g., Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

### CONCLUSION

Based on the foregoing, NIBCO removes this case to this Court. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

By:  /s/ Ben Zinnecker
Missy Atwood
State Bar No. 01428020
matwood@germer-austin.com
Ben Zinnecker
State Bar No. 24066504
bzinnecker@germer-austin.com
GERMER BEAMAN & BROWN PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

>Kevin Kuhlman
>To be admitted *pro hac vice*
>kkuhlman@lathropgage.com

LATHROP & GAGE, LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO  64108-2618
(816) 460-5710 Telephone
(816) 292-2001 Fax

**ATTORNEYS FOR DEFENDANT NIBCO, INC.**

## CERTIFICATE OF SERVICE

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on December 23, 2019:

Richard A. Illmer
rick.illmer@huschblackwell.com
Chalon N. Clark
chalon.clark@huschblackwell.com
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 200
Dallas, Texas 75201

>/s/ Ben Zinnecker
>Kevin Kuhlman/Missy Atwood/Ben Zinnecker